**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

KEVIN LONDON,[1]                                        )
                                                       )
        **Plaintiff,**                              )
                                                       )
v.                                                     )     **Case No. 24-CV-0578-CVE-JFJ**
                                                       )
HUNTER M. GARRISON,                                    )
JUSTIN L. BURCH, and                                   )
CHARLES DALE BYBEE,                                    )
                                                       )
        **Defendants.**                             )

<u>**OPINION AND ORDER**</u>

Before the Court are plaintiff's <u>pro se</u> complaint (Dkt. # 2) and motion for leave to proceed

<u>in forma pauperis</u> (Dkt. # 3).  In reliance upon the representations and information set forth in

plaintiff's motion to proceed <u>in forma pauperis</u>, the Court finds that the motion should be granted.

Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and

costs.  28 U.S.C. § 1915(a).  However, because authorization to proceed <u>in forma pauperis</u> excuses

only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able

to do so.  See <u>Brown v. Eppler</u>, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization

to proceed <u>in forma pauperis</u> only excuses prepayment of the filing fee).  Because the Court

authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative

fee.

---

[1]    While plaintiff is proceeding <u>pro se,</u> plaintiff describes himself as "of the family (;) London Kevin."  Dkt. # 2, at 1.  As the Court previously explained to plaintiff, "a <u>pro se</u> litigant cannot bring an action on behalf of other litigants in federal court." <u>London v. Jordan</u>, No. 24-CV-0474-CVE-SH (N.D. Okla. Oct. 15, 2024), Dkt. # 4, at 3 (citing 28 U.S.C. § 1654 and <u>Fymbo v. State Farm Fire & Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000)).  Thus, the Court construes plaintiff's complaint as raising claims only on plaintiff's behalf.

**I.**

Plaintiff alleges that the following events occurred on August 24, 2024, at the Sand Springs

Atwoods store:

> I as the living man have the police body cam, but from my seen [sic] of view, it was
> pure hate and discrimination! also police misconduct. I as the living man no
> 'corporation' was stating honorable and presented. appropriate documentation. to the
> store manager also the public security officer, and the sand spring police officers, as
> wen to show them all that I as the living man of the vessel was an American Indian
> and Indigenous, but all officers Hunter M Garrison and Justin L Burch as well as
> Charles Dale Bybee did not listen to anything that the living man was saying and
> falsely arresting the living man of the vessel name, also all were acting under color
> of law as public officer's.

Dkt. # 2, at 5.  He alleges that the state court case ("[CM]-24-3237") against him and "the original

police report" memorializing the incident are fraudulent, and that defendants arrested him because

he is Indigenous.  Id. at 4, 5, 6.  He claims that he suffered "trauma[], []emotional distress, hurt[,]

and a lot of pain," making him "? [sic] law enfo[r]cement" and find it "hard to trust them acting

under color of law."  Id. at 6.  While plaintiff refers to defendants Garrison and Bybee as Sand

Springs police officers and defendant Burch as the Atwoods' security guard, plaintiff also refers to

all defendants as "police officers of the public."  Id. at 1, 2-3, 4, 5.

On December 2, 2024, plaintiff filed a complaint using a pre-printed pro se complaint form

(ProSe-05) alleging claims under 42 U.S.C. § 1983 for violations of: 42 U.S.C. § 1983, 18 U.S.C.

§ 242, the Fourth Amendment, 18 U.S.C. § 112, and the Thirteenth Amendment.  Id. at 4.  Plaintiff

brings these claims against defendants in their official capacities.  Id. at 2-3.  He seeks: $80 million

with interest; 12 years imprisonment for the "public officers[,] including the security guard from

[A]twoods;" "the court to never let any of the defendant[]s[] be public officer[]s or stand in law

2

enfo[r]cement ever again . . . [;] and [the Court] to dismiss the state court case from [CM]-24-3237 . . . ." Id. at 6.[2]

## II.

Proceeding in forma pauperis, plaintiff alleges claims arising out of his arrest and the subsequent state criminal proceeding against him, and seeks injunctive and monetary relief as to all of his claims. Dkt. # 2, at 5, 6. Because of the state law issues implicated in this case, the Court finds that sua sponte consideration of abstention under Younger v. Harris, 401 U.S. 37 (1971), is required. Generally, if Younger abstention applies, a court should dismiss a plaintiff's claims for declaratory and injunctive relief, but stay the federal proceeding as to claims for monetary relief until the relevant state proceeding is final. Graff v. Aberdeen Enters., II, Inc., 65 F.4th 500, 523 (10th Cir. 2023); Myers v. Garff, 876 F.2d 79, 81 (10th Cir. 1989) (explaining that "the district court at most should have stayed rather than dismissed [plaintiff's damages] claims" under Younger "because [those claims] cannot be redressed in the pending state proceedings"). However, if a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(e) requires a court to dismiss a plaintiff's complaint if it is frivolous, is malicious, or fails to state a claim upon which relief may be granted. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Thus, if the Court finds that Younger abstention applies to plaintiff's claims, the Court must dismiss plaintiff's claims for injunctive relief, dismiss plaintiff's claims for monetary relief insofar as § 1915(e) requires, and stay plaintiff's claims for monetary relief that survive the § 1915(e) screening. St. George v. Weiser, No.

---

[2]    Plaintiff also attached to his complaint a copy of the allegedly fraudulent police report, plaintiff's passport, and his passport card. Id. at 8-14. The police report that plaintiff attached contradicts plaintiff's complaint, and plaintiff's passport and passport card are not relevant to his § 1983 claims. Regardless, in analyzing plaintiff's claims, the Court relies only on plaintiff's complaint.

21-1399, 2022 WL 17999564, *3-4 (10th Cir. Dec. 30, 2022) (unpublished)[3] (affirming a district court's dismissal of a plaintiff's claims under Younger to the extent that the plaintiff sought equitable relief and under § 1915(e) to the extent that the plaintiff sought damages); Ysais v. Child. Youth & Fam. Dep't, 353 F. App'x 159, 160-61 (10th Cir. 2009) (unpublished) (agreeing with the district court's analysis dismissing a plaintiff's complaint under Younger and § 1915(e) because plaintiff requested to proceed in forma pauperis).  Thus, the Court will analyze whether Younger abstention applies to plaintiff's claims and then screen plaintiff's claims under § 1915(e).[4]

### A.

Under the Supreme Court's decision in Younger and its progeny, "'a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1317 (10th 2024) (quoting Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660, 669-70 (10th Cir. 2020). "Younger abstention 'applies to three categories of state cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Graff, 65 F.4th at 522 (quoting Elna Sefcovic, LLC, 953 F.3d at 670). "If and only if the state court proceeding falls within one of the enumerated 'exceptional' types of cases, may courts analyze the propriety of abstention

---

[3]    While unpublished decisions are non precedential, the Court cites this decision and other unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A).

[4]    Plaintiff's claims for injunctive relief are the same as his claims for monetary relief.  Dkt. # 2, at 4-6.  Thus, the Court will not delineate between the two types of claims when analyzing Younger's application or screening under § 1915(e) other than to determine whether the claims should be dismissed or stayed.

under the so-called Middlesex [Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982),] conditions." Travelers Cas. Ins. Co. of Am., 98 F.4th at 1317 (emphasis in the original). Under these conditions, a court must abstain from deciding a case if: (1) "the relevant state court proceeding [is]'ongoing[;]'" (2) the state forum [] provide[s] an adequate opportunity to raise the relevant federal claims[;]" and (3) "an important state interest [is] present." Graff, 65 F.4th at 523. However, a plaintiff can "overcome the presumption of abstention" if he demonstrates that '"the prosecution was '(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate.'" Winn v. Cook, 945 F.3d 1253, 1258-59 (10th Cir. 2019) (quoting Phelps v. Hamilton (Phelps I), 59 F.3d 1058, 1063-64 (10th Cir. 1995)); Phelps v. Hamilton (Phelps II), 122 F.3d 885, 889 (10th Cir. 1997). Courts may address Younger abstention sua sponte. Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976).

Plaintiff's claims satisfy the Middlesex conditions. First, the Court has reviewed case number 24-3237 on the Oklahoma State Courts Network. The Court finds that this Tulsa County criminal proceeding in which plaintiff is charged with committing assault and battery is ongoing and arises out of plaintiff's arrest by members of the Sand Springs Police Department. Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997) ("Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party"); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The Court infers from plaintiff's complaint

that the events that led to his arrest on August 24, 2024, resulted in the charges against plaintiff in the state proceeding. Dkt. # 2, at 5. Plaintiff appears to assert that the federal statutes and constitutional amendments that he alleges defendants violated render his arrest unlawful and the pending state proceeding fraudulent and, thus, plaintiff asks the Court to dismiss the state proceeding and award plaintiff monetary relief for the emotional harm caused by defendants. Id. at 4-6. As plaintiff challenges the validity of his arrest and the validity of the ongoing state criminal prosecution, the first condition is satisfied. Second, plaintiff has not plead any facts from which the Court could infer that state court fails to offer an adequate forum to hear plaintiff's federal challenges to his arrest and the ongoing criminal proceeding. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Thus, the second condition is satisfied. Third, Oklahoma has an important interest in enforcing its criminal laws. Winn, 945 F.3d at 1258. Thus, the third condition is satisfied.

The Court has considered whether any exception to mandatory abstention could apply in this case, and none of the possible exceptions applies. Plaintiff does not argue that the state criminal statute under which he has been charged is unconstitutional or that his prosecution would cause irreparable injury, and his vague allegations of police misconduct and discrimination do not suggest that he could assert a colorable claim that the prosecution was brought in bad faith. Phelps II, 122 F.3d at 889 ("[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment."). Therefore, under Younger, the Court must abstain from deciding this case. Although not precisely an issue of subject matter

jurisdiction, a dismissal under <u>Younger</u> is akin to a dismissal for lack of subject matter jurisdiction. <u>Graff</u>, 65 F.4th at 523 n.32 ("It is unclear in this circuit whether <u>Younger</u> abstention implicates federal courts' subject matter jurisdiction . . . . Given that dismissal without prejudice is the proper result whether or not <u>Younger</u> abstention affects a federal court's subject matter jurisdiction . . . , this court does not further consider the doctrine's jurisdictional pedigree."). Thus, the Court should dismiss plaintiff's claims for injunctive relief without prejudice and stay plaintiff's claims for damages unless § 1915(e)(2) requires the Court to dismiss those claims.

**B.**

Plaintiff has obtained leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and the requirements of 28 U.S.C. § 1915 are applicable. <u>See</u> <u>Lister</u>, 408 F.3d at 1311. Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a <u>pro</u> <u>se</u> plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court's generous construction of a <u>pro</u> <u>se</u> plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a <u>pro</u> <u>se</u> plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." <u>Id.</u> A reviewing court need not accept "mere conclusions characterizing pleaded facts." <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see also</u> <u>Bell Atl. Corp. v.Twombly</u>, 550 U.S. 544, 555 (2007) ("While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The court

"will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff attempts to allege various § 1983 claims against defendants in their official

capacities as "police officers of the public."[5]  Dkt. # 2, at 1-3. Section 1983 provides a cause of

action against any "person who, under color of any statute, ordinance, regulation, custom, or usage,

of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and law" of the

United States.  When a plaintiff sues a defendant in his official capacity under § 1983, the suit is

"essentially another way of pleading an action against the county or municipality [the officer]

represent[s]."  Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010).  Thus, courts apply "the

standard of liability for municipalities and counties" to claims against an officer in his official

capacity.  Id.  "[A] municipality may not be held liable under § 1983 solely because it employs a

tortfeasor."  Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997).  Rather, to

state a plausible municipal liability claim pursuant to Monell v. Dep't of Soc. Servs. of City of New

---

[5]     Plaintiff does not clearly allege whether Burch is merely an Atwoods' security guard or if he
is also a police officer.  Regardless, if plaintiff's claims against Burch arise out of his
conduct as a security guard, plaintiff fails to state a claim under § 1983 because he fails to
allege Burch acted under color of law.  Haines v. Fisher, 82 F.3d 1503, 1508 (10th Cir. 1996)
("'[A]cts of officers in the gambit of their personal pursuits are not under color of state law
and do not impose liability.'").  Nevertheless, the Court will assume for the purpose of this
motion only that plaintiff alleges that Burch is a police officer, like Bybee and Garrison, and
acted in that capacity.

York (Monell), 436 U.S. 658 (1978), a plaintiff must allege facts demonstrating "(1) an official policy or custom (2) caused the plaintiff's constitutional injury and (3) that the municipality enacted or maintained that policy with deliberate indifference to the risk of that injury occurring." George ex. rel. Bradshaw v. Beaver Cnty. ex rel. Beaver Cnty. Bd. of Comm'rs, 32 F.4th 1246, 1253 (10th Cir. 2022) (citing Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769-71 (10th Cir. 2013)).

In attempting to allege claims against defendants in their official capacities as police officers, plaintiff attempts to allege § 1983 municipal liability claims. However, plaintiff fails to state a § 1983 municipal liability claim against any of the defendants for any of the alleged constitutional violations he suffered because plaintiff does not allege that defendants acted in conformance with any policy or custom enacted or maintained by Sand Springs or any other municipality. Thus, the Court finds that plaintiff fails to state a claim under § 1983 against any of the defendants, and the Court need not analyze whether plaintiff sufficiently pleads the other elements of a § 1983 municipal liability claim.[6] Therefore, the Court should dismiss plaintiff's claims for monetary relief without prejudice for failure to state a claim under § 1915(e)(2). As the Court dismisses plaintiff's claims for injunctive relief under Younger and plaintiff's claims for monetary relief under § 1915(e)(2), the Court should dismiss plaintiff's complaint without prejudice.

---

[6]    While the Court need not reach whether plaintiff sufficiently pleads any constitutional violations, the Court notes that neither § 1983 nor § 242 can serve as the basis for a § 1983 claim. See Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002) ("One cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.") (quoting Chapman v. Houston Welfare Rts. Org., 441 U.S. 600, 617 (1979)); Berry v. City of Muskogee, 900 F.2d 1489, 1501 n.17 (10th 1990) (describing § 242 as § 1983's "criminal civil rights act counterpart").

**IV.**

The Court now turns to plaintiff's filing history in this district and cautions plaintiff that filing restrictions may be placed on him. "'The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989)). Courts have the inherent power to regulate and curtail vexatious and groundless litigation by "imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986). While filing restrictions may not deny a litigant "meaningful access to the courts," the restrictions may nevertheless be as onerous as necessary "to assist the district court in curbing the particular abusive behavior involved." Id.

Within a two month period, plaintiff filed eight complaints in this district:

1. London v. Jordan (Jordan I), 4:24-CV-0474-CVE-SH (N.D. Okla. filed Oct. 9, 2024)

2. London v. PSO, 4:24-CV-0513-JFH-SH (N.D. Okla. filed Oct. 25, 2024)

3. London v. Jordan (Jordan II), 4:24-CV-0522-JDR-MTS (N.D. Okla. filed Oct. 29, 2024)[7]

4. London v. Soc. Sec. Admin., 4:24-CV-0533-GKF-MTS (N.D. Okla. filed Nov. 4, 2024)

5. London v. Garrison, 4:24-CV-0578-CVE-JFJ (N.D. Okla. filed Dec. 2, 2024)

6. London v. Metro PCS/T Mobile, 4:24-CV-0583-CVE-MTS (N.D. Okla. filed Dec. 4, 2024)

---

[7]   While plaintiff's legal theories in Jordan II, 4:24-CV-0522, Dkt. # 2, differ from those in Jordan I, 4:24-CV-0474, Dkt. # 1, plaintiff sues the same defendants, seeks generally the same relief, and bases his claims in both cases on his status as an alleged eligible tribal member of the Muscogee Creek Nation.

7. London v. Muscogee Creek Nation Lighthorse Police, 4:24-CV-0592-SEH-JFJ (N.D. Okla. filed Dec. 5, 2024)

8. London v. OGE Elec. Co., 4:24-CV-0594-JDR-JFJ (N.D. Okla. filed Dec. 5, 2024)

On October 15, 2024, the Court dismissed plaintiff's complaint in Jordan I, 4:24-CV-0474, Dkt. # 4, for lack of subject matter jurisdiction. On December 13, 2024, Magistrate Judge Susan E. Huntsman recommended that Judge John F. Heil, III, dismiss plaintiff's complaint in PSO, 4:24-CV-0513, Dkt. # 9, for failure to state a claim. In this order, the Court dismisses plaintiff's complaint under Younger abstention as to plaintiff's claims for injunctive relief and under § 1915(e)(2) as to plaintiff's claims for monetary relief. Further, the Court has reviewed plaintiff's remaining complaints, and they generally appear to lack merit. Therefore, the Court warns plaintiff that the Court may place filing restrictions on him if the Court finds that plaintiff continuously files frivolous complaints.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **granted**.

**DATED** this 19th day of December, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE